UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JESSICA SINGLETON and GLENDA GETANT, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:15-cv-11864-ADB |
| AT&T MOBILITY SERVICES, LLC, | * * | |
| Defendant. | * | |

## ORDER

BURROUGHS, D.J.

Before the Court is a Joint Motion filed by plaintiff Jessica Singleton ("Singleton"), opt-in plaintiff Glenda Getant ("Getant"), and Defendant AT&T Mobility Services, LLC's ("AT&T"), seeking the Court's approval of the parties' proposed settlement in this case. [ECF No. 38]. For the reasons that follow, the parties' Joint Motion is ALLOWED.

On May 19, 2015, plaintiff Singleton filed this case as a putative "collective action" under the federal Fair Labor Standards Act ("FLSA"). The Amended Complaint, [ECF No. 24], alleges that AT&T violated the FLSA by requiring Singleton and other hourly assistant store managers to work "off the clock," by answering telephone calls, emails, and text messages at home, but failing to compensate them for this time. On August 13, 2015, opt-in plaintiff Getant filed her notice of consent to join this action. [ECF No. 25]. AT&T answered the Amended Complaint on September 14, 2015.

Although formal discovery has not yet begun, the parties engaged in settlement discussions in September and October 2015. On October 16, 2015, the parties filed their Joint

Motion for Approval of Settlement and Dismissal With Prejudice, [ECF No. 38], in which they ask the Court to approve their settlement of Singleton and Getant's claims against AT&T.[1]

The private settlement of FLSA claims requires the approval of either the Department of Labor or the district court. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982) (district court may enter a stipulated judgment after "scrutinizing the settlement for fairness"). The Court may approve the settlement upon a finding that all parties to the action have agreed to it, and that it represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc., 679 F.2d at 1355. Further, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Mireku v. Red Vision Sys., Inc., No. 11 Civ 9671(RA)(JLC), 2013 WL 6335978, at *1 (S.D.N.Y. Dec. 6, 2013) (citing Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)); see also 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Silva v. Miller, 307 F. App'x 349 (11th Cir. Jan. 13, 2009) (holding that the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel

---

[1] Although Singleton filed this case as a putative collective action under the FLSA, neither party has moved to certify any collective action pursuant to 29 U.S.C. § 216(b). Therefore, there was no formal notice period under which other potential plaintiffs were notified of this suit. The parties' proposed settlement resolves only those claims brought by plaintiff Singleton and opt-in plaintiff Getant.

is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

On October 22, 2015, the parties submitted their executed Settlement Agreement for the Court's in-camera review. The Court held a hearing on the parties' Joint Motion on November 3, 2015. At the hearing, the Court requested that plaintiffs submit additional documentation supporting the portion of the settlement allocated to attorneys' fees. Plaintiffs' counsel provided this information to the Court on November 5, 2015.

After reviewing the pleadings and the parties' Joint Motion, the Court finds that the parties' proposed settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc., 679 F.2d at 1355. When determining whether a proposed settlement is fair and reasonable, courts consider the "totality of the circumstances," which may include such factors as " (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F. Supp. 2d at 335 (S.D.N.Y. 2012).

At the November 3, 2015 hearing before the Court, the parties explained their views on the range of possible recoveries, which were calculated based on the number of weeks the plaintiffs worked for AT&T, their regular rates of pay, and the estimated number of hours per week that they allegedly dedicated to "off-the-clock" work for which they were not paid. After examining these figures, the Court agrees that the parties' proposed settlement represents a fair and reasonable resolution of this dispute, and that the settlement was reached through arms-

length negotiations between counsel for both parties. The Court has found no reason to suspect fraud or collusion, and it finds that the early settlement of this dispute will avoid potentially lengthy and expensive litigation over what appears to be a modest amount of alleged damages.

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" Wolinsky, 900 F. Supp. 2d at 336 (citation omitted). But even in such cases, the Court "must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (citation omitted). After reviewing the time records submitted by Plaintiffs' counsel, the Court finds that the amount allocated for attorneys' fees is fair and reasonable, in light of the result reached in this case, and the total number of hours that plaintiffs' counsel dedicated to this matter.

For the foregoing reasons, the parties' proposed settlement is hereby APPROVED, and the above-captioned action shall be DISMISSED, with prejudice.

**SO ORDERED.**

Dated: November 10, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE